INFANZÓN & RODRÍGUEZ, APPELLANTS, *v.* REGISTRAR OF GUAYAMA, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Sale.

No. 282.—Decided June 20, 1916.

RECORD OF TITLE—LEGALITY OF INSTRUMENT—PERSONAL KNOWLEDGE.—Article 18 of the Mortgage Law provides that registrars shall determine, under their responsibility, the legality of the instruments under which record is requested, and the capacity of the parties thereto, upon the facts that appear from said instruments themselves; and they are not permitted to base their decisions

on facts which do not appear from the documents submitted to their consideration or from the books of the registry.  In the case at bar the registrar refused to record the instrument presented because one of the parties was a brother-in-law of the officiating notary, which fact he knew only of his personal knowledge, and his decision was reversed.

The facts are stated in the opinion.

*Mr. José C. Ramos* for the appellant.

The registrar appeared *pro se.*

MR. JUSTICE DEL TORO delivered the opinion of the court.

On March 29, 1909, a certain deed of purchase and sale was executed before Notary José C. Ramos by José J. Aponte, marshal of the District Court of Guayama, and Alberto E. Vázquez, verbally oppointed agent of the mercantile firm of Infanzón & Rodríguez, and upon its being presented in the registry of property the registrar denied it admission to record for the reasons stated in the following decision:

"The foregoing document is denied admission to record because it is incurably defective and void for the reason that one of the parties thereto, Alberto E. Vázquez, being the brother-in-law and therefore a relative within the second degree of affinity of the notary before whom it was executed, the provision of section 8 of the Act regulating the practice of the notarial profession in Porto Rico, approved March 8, 1916, is violated.  A cautionary notice has been entered, etc."

Notice of said decision having been given on May 29, 1916, the present administrative appeal was taken therefrom on the same day, and on June 14 following, the following errors were assigned:

1. The Registrar of Property of Guayama erred in basing his decision on facts which do not appear from the instrument submitted to his consideration or from the records of the registry, and

2. In holding that the deed presented was null and void.

Upon an examination of the said deed of purchase and sale nothing can be deduced from it regarding the fact upon which the registrar based his refusal to admit it to record. Nor is such fact shown in the books of the registry.  But the

registrar claims that as he knows of his own knowledge that Vázquez, one of the parties, is a brother-in-law of the officiating notary, he cannot record the deed in the registry.

In our opinion the action of the registrar is not in accordance with the law.

Article 18 of the Mortgage Law unequivocally provides that "Registrars shall, under their responsibility, determine the legality of the instruments under which record is requested, and the capacity of the parties thereto, upon the facts that appear from said instruments themselves."

And in its decisions of May 4, 1883, and June 18, 1898, the General Directorate of Registries of Spain laid down the following doctrine:

"Registrars are required to pass upon documents presented for record according to the facts appearing from the documents themselves and cannot base their conclusions upon private information which they may have regarding facts which do not appear in the documents." Official Compilation of Laws, etc., referring to Registries, 1882–86, pp. 77 and 79.

"As to the first ground on which the registrar bases his refusal to enter the marginal notes of perfection of sale, according to the doctrine of the Mortgage Law repeatedly expounded by this Directorate, the registrars of property must be governed exclusively by the facts shown by the entries in the registry and by the documents themselves for the purpose of admitting, suspending, or refusing the record of documents presented and in no case shall they base their decisions upon other data." Official Compilation of Laws, etc., referring to Registries, 1896–99, pp. 628 and 632.

See also the decisions of this court in the cases of *Rivera v. Registrar of Caguas,* 17 P. R. R. 307; *Ortiz v. Registrar of Guayama,* 22 P. R. R. 316, and Galindo's Commentaries, 4th ed., vol. 2, p. 10.

In view of the foregoing, the decision appealed from is reversed. The consideration of the other error assigned is neither necessary nor pertinent.

*Reversed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.